DECISION AND JUDGMENT ENTRY
This is an appeal from a ruling of the Fremont Municipal Court finding Jacqueline Corron guilty of a stop sign violation (Fremont City Ordinance 331.19). Because Corron has cited no authority for the proposition that the state had the obligation, following a continuance of trial, to subpoena a witness called in her defense to permit the state to continue cross-examination and because this court is not aware of any authority to support that proposition, we affirm the judgment of the trial court.
Corron presents only one assignment of error for consideration on appeal. The sole assignment of error is:
 "THE TRIAL COURT ERRED WHEN THEY REFUSED TO CONSIDER TESTIMONY OF THE DEFENDANT'S WITNESS AND HER EXHIBIT WHEN THE STATE FAILED TO COMPLETE CROSS EXAMINATION IN ORDER TO STRIKE A DEAL WITH THE DEFENDANT."
This court has considered the record presented to it on appeal. The record does not include a transcript of the trial proceedings. From the portions of the record available to us, we are able to discern that Corron was charged under a local ordinance for failing to stop at a stop sign. She requested a bench trial. The trial was stopped when the parties reached a tentative agreement to settle. The transcript of the proposed settlement is included in the record.
The transcript of the proposed settlement shows that the city of Fremont agreed to drop charges against Corron in exchange for her agreement to provide a copy of a videotape presented in her defense at trial which would be sent for testing to ensure there was no editing or tampering. The videotape was made by Corron's husband from their bedroom window and purportedly showed the stop that was the subject of this case. The transcript clearly showed that the parties agreed to present their settlement in final entry form within thirty days. If no final entry was presented to the court, the trial would resume for one hour.
The record shows that when thirty days passed and no entry was filed, the court issued an order that the trial resume for one hour. Following the one additional hour of trial, the trial court filed a judgment entry in which it explained the testimony it was considering. First, it considered the testimony of the officer who stopped Corron. The officer testified that he clearly saw a car proceed through an intersection without stopping for a stop sign. The officer acknowledged to the court that he and Corron are neighbors who have had "differences" in the past, but indicated that he did not know it was Corron driving the car until after he stopped the car and she rolled down her window. The trial court noted that it found the officer's testimony credible.
Next, the trial court acknowledged the testimony of Corron that she did not run the stop sign. The trial court said: "The defendant had some difficulty testifying concerning the subsequent directions she traveled and where she saw Officer Stults before she was stopped and issued the citation. The defendant's testimony was confusing in part to the court."
The trial court then explained:
 "The defendant's husband, Mr. Corron, was also called by the defendant to testify concerning his videotaping of this incident from the bedroom of the defendant's home. He testified about the numerous past differences between Officer Stults and the defendant, who were former neighbors. However, the cross-examination of the witness by the city prosecutor had not been completed when the court took a recess on 7-28-00. After numerous attempts to resolve the case failed, the trial was continued on October 6th. The defendant's witness did not appear and was unavailable at that time. The City objected to the defendant's subsequent motion to admit Exhibit A, a copy of the videotape made by the defendant's witness. The city also objected to any consideration of Mr. Corron's entire testimony due to failure to complete his cross-examination. After extensive arguments by the parties, the court denied Exhibit A's introduction as evidence and granted the city's objection to the consideration of the witness's testimony. The defendant rested and the City rested without rebuttal."
The trial court found Corron guilty. Following the trial court's entry of a sentence, Corron brought this appeal.
Corron argues that the excluded videotape was exculpatory. She also argues that it was the state's decision to terminate cross-examination of her husband when he was present to testify the first time. She contends, without any citation to authority to support her contention, that she had no obligation to ensure that her husband would be present for further cross-examination when the trial resumed after settlement efforts failed. She argues, again with no citation to authority in support, that since the state was cross-examining her husband when the trial was continued, he was in actuality the state's witness, and the state had the obligation to ensure that he returned for further cross-examination when the trial resumed.
Corron failing to cite any authority in support of her propositions and the court finding no authority to support the same, we find Corron's sole assignment of error not well-taken.
The trial court did not abuse its discretion when it excluded the videotape and the incomplete testimony of Corron's husband from evidence. The trial court was in the best position to judge the credibility of the remaining witnesses, and this court will not disturb the trial court's ruling on appeal.
The judgment of the Fremont Municipal Court is affirmed. Corron is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 ____________________________ Peter M. Handwork, J.
 James R. Sherck, J., Mark L. Pietrykowski, P.J. CONCUR.